**Panos Lagos (SBN 61821)**
**LAW OFFICES OF PANOS LAGOS**
5032 Woodminster Lane
Oakland, CA 94602
Tel. (510) 530-4078
Fax (510) 530-4725
e-mail: panoslagos@aol.com

*Attorney for Plaintiff,*
**ALBERT ANTHONY ARTEAGA**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALBERT ANTHONY ARTEAGA**, <br><br> Plaintiff, <br><br> vs. <br><br> **CITY OF OAKLEY,** a municipal corporation; City of Oakley Chief of Police **CHRIS THORSEN**, individually and in his official capacity; City of Oakley Peace Officers **GARRETT WAYNE** (Badge OA027), and **DANIEL BUCK** (Badge OA033), individually and in their official capacities; and **DOES 1 through 50**, jointly and severally, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** <br><br> 1. 42 U.S.C. § 1983 – Civil Rights Violations <br> 2. 42 U.S.C. § 1983 – Municipal and Supervisory Liability <br> 3. Malicious Prosecution |

Plaintiff, by and through his attorneys, the LAW OFFICES OF PANOS LAGOS, for their Complaint against Defendants, state the following:

## **INTRODUCTION**

This case arises out of an incident in which Plaintiff, ALBERT ANTHONY ARTEAGA ("ARTEAGA" or "PLAINTIFF"), while in his place of residence and without a reasonable opportunity to comply with orders, was subjected to excessive force, arrested, and was then subjected to false criminal charges, following a 9-1-1 call for service by PLAINTIFF'S girlfriend reporting a domestic dispute between PLAINTIFF'S girlfriend and PLAINTIFF'S uncle.

**JURISDICTION**

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1341, & 1343 because it is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of California.

2.      Venue is proper, pursuant to 28 U.S.C. § 1391(e)(2), because the events giving rise to PLAINTIFF'S claims occurred in this judicial district.

**PARTIES**

3.      PLAINTIFF is a citizen of the United States, a competent adult, and a resident, during the incident, of this judicial district.

4.      Defendant CITY OF OAKLEY ("CITY") is a public entity existing under the laws of the State of California duly organized and existing under the laws of the State of California and is the employer of the individual defendants named above, as well as at least some of the to-be-identified DOE Defendants. Under its authority, CITY operates the City of Oakley Police Department ("OPD").

5.      Defendant CHRIS THORSEN ("THORSEN"), at all material times, was employed by CITY as Chief of Police for OPD and was acting within the course and scope of that employment.  As CITY'S Chief of Police, THORSEN was a policy-making official for CITY with the power to make official and final policy for OPD.  Defendant THORSEN is sued in his individual and official capacities. Defendants GARRETT WAYNE ("WAYNE") and DANIEL BUCK ("BUCK"), at all material times, was employed by CITY as Peace Officers for OPD and were acting within the course and scope of that employment. Defendants WAYNE and BUCK are sued in their individual and official capacities.

6.      The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOES 1 through 50 are unknown to PLAINTIFF, who, therefore, sues said Defendants by said fictitious names. PLAINTIFF will amend this Complaint

to show said Defendants' true names and capacities when the same have been ascertained. PLAINTIFF is informed, believes, and thereon alleges that all Defendants sued herein as DOES are in some manner responsible for the acts, omissions, and injuries alleged herein.

7.      PLAINTIFF alleges, on information and belief, that each of the Defendants sued herein was wrongfully, negligently, and/or otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to PLAINTIFF. Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including both the individually named and DOE Defendants.

8.      PLAINTIFF is informed, believes, and thereon alleges that each of the Defendants was, at all material times, an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of that relationship. PLAINTIFF is further informed, believes, and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may hereinafter be otherwise, specifically alleged. At all material times, each Defendant was jointly engaged and integrally involved in constitutionally violative, unlawful, and/or tortious activity, resulting in the deprivation of PLAINTIFF'S constitutional rights and other actionable harm.

9.      The acts and omissions of all Defendants[1], as set forth herein, were at all material times pursuant to the actual customs, policies, practices, and/or procedures of OPD or, alternatively, such acts and omissions were pursuant to the lack thereof and, thus, were in lieu of policies, practices, and procedures that should have been in place.

10.      This complaint may be pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

///

///

---

[1] Wherever "Defendants" are referenced, both named and DOE Defendants are included.

COMPLAINT FOR DAMAGES
*Arteaga v. City of Oakley, et al.*
USDC (E.D. Cal.) Case No.: _____                    3

**GENERAL ALLEGATIONS**

11.     PLAINTIFF re-alleges each and every previous paragraph in this complaint, as though fully set forth herein.

12.     On or about November 9, 2017, PLAINTIFF'S girlfriend, Thalia Michelle Zazueta, placed a 9-1-1 call for service by reporting a domestic dispute between herself and PLAINTIFF'S uncle, Rudy Randolph McConahey. WAYNE and BUCK were dispatched to PLAINTIFF'S residence.

13.     PLAINTIFF observed his uncle being subjected to gratuitous, unnecessary, inappropriate and constitutionally excessive and unreasonable force. PLAINTIFF said to the officers "that's enough" following which, PLAINTIFF was tased by BUCK while he standing in the threshold of the front doorway of his residence and **not** interfering, obstructing, or delaying WAYNE'S or BUCK'S official duties in any way and without disobeying any lawful command.

14.     PLAINTIFF was arrested for the blatantly false and fabricated violation of California Penal Code § 148(a)(1) (resisting arrest) by WAYNE and BUCK and was, as intended by WAYNE and BUCK, made the subject of a filed and maintained criminal prosecution based upon the deliberately and materially false reporting of the incident by BUCK. BUCK continued to misrepresent the incident through and including the criminal trial of PLAINTIFF for the claimed violation of California Penal Code § 148(a)(1) and for which Plaintiff was ultimately and unanimously acquitted after trial by jury on July 19, 2019 within approximately ten minutes of deliberations.

15.     BUCK deliberately and knowingly misrepresented the facts of the incident and/or the behavior of PLAINTIFF in his reporting of the incident. These misrepresentations were provided to the Contra Costa County District Attorney's Office with the knowledge and purpose of causing plaintiff to defend himself against criminal charges which these defendants knew were false and/or to protect and cover-up BUCK'S abuse of authority which included PLAINTIFF'S false/wrongful arrest, false imprisonment, excessive force, and the violation of his rights to free speech.  Upon information and belief, PLAINTIFF alleges that BUCK did so further abuse his oath for the purpose of covering-up his own criminal acts including, but not

limited to the violation of the following California Penal Code sections:

      Penal Code §118.1 – Peace officers; false report

      Penal Code §134 – Preparing false documentary evidence

      Penal Code §149 – Officer unnecessarily assaulting or beating any person; punishment

16.    PLAINTIFF was handcuffed and transported to a local hospital for treatment for the severe physical injuries suffered by him from the acts and actions of BUCK.  Plaintiff was arrested, jailed, and his personal property removed from his person.

17.    PLAINTIFF was subjected to excessive, unlawful, and unnecessary force, restraint of freedom, unlawful arrest and imprisonment and malicious prosecution of criminal charges in derogation of his civil rights later enumerated, by WAYNE and BUCK after Plaintiff expressed his disagreement with his perceived misconduct of Defendant BUCK'S unreasonable force upon his uncle by stating to him "that's enough". At all times, BUCK knew his actions were unlawful and that PLAINTIFF had the Constitutional right of freedom of speech, to be free from excessive force, to be free from an unlawful deprivation of liberty from wrongful arrest and false imprisonment, and from malicious criminal prosecution in derogation of his Constitutional rights including the Constitutional due process right not to be subjected to criminal charges and/or to defend against such charges on the basis of deliberately fabricated evidence by the police. As a legal cause of Defendants' conduct, PLAINTIFF suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, anger, indignity, loss of freedom, and a sense of helplessness.  PLAINTIFF also suffered physical injury and pain, incurred medical expenses, loss of income, bail fees, and attorneys' fees in defending himself against the unfounded and knowingly false criminal charges.

18.    The conduct of WAYNE and BUCK was malicious, despicable, wanton, and oppressive, entitling PLAINTIFF to an award of punitive damages against said Defendant.

19.    PLAINTIFF, as a result of the excessive and unnecessary force perpetrated upon him, endured substantial mental and emotional distress.

///

COMPLAINT FOR DAMAGES
*Arteaga v. City of Oakley, et al.*
USDC (E.D. Cal.) Case No.: _____      5

20.     At all material times and, alternatively, the actions and omissions of Defendants were intentional, and/or wanton and/or willful, and/or reckless, and/or callous, and/or malicious, and/or deliberately indifferent to PLAINTIFF'S rights, and/or negligent.

21.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, PLAINTIFF sustained the following injuries and damages, past and future, including, but not limited to:

    a.  Economic damages, including, but not limited to, out of pocket expenses, loss of income, and loss of earning capacity;

    b.  Hospital and medical expenses;

    c.  Physical pain and suffering;

    d.  Permanent injuries;

    e.  Mental and emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;

    f.  Loss of enjoyment of life and other continued pain and suffering;

    g.  All other legally cognizable special and general damages;

    h.  Violations of federal constitutional rights; and,

    i.  All damages and penalties recoverable under 42 U.S.C. § 1983 and United States statutes, codes, and common law.

## CLAIMS FOR RELIEF

### FIRST CLAIM
### -- 42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATIONS --
### PLAINTIFF AGAINST DEFENDANTS WAYNE, BUCK, AND DOES 1-20

22.     PLAINTIFF re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

23.     By the willful and joint actions and omissions described above, the Defendants named in this Claim and DOES 1-20, acting under the color of state law in their individual capacities, violated 42 U.S.C. § 1983, deprived PLAINTIFF of the following well-settled constitutional rights that are protected by the First and Fourth Amendments to the U.S. Constitution:

a.  The right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation for and in response to the exercise of free speech, including the right to be profane, express criticism or opinion of the government and/or government officials and/or public employees and/or to question a public official or employee's job performance and/or the right to complain about government conduct, as secured by the First Amendment;

b.  The right to be free from unreasonable searches and/or seizures, as secured by the Fourth Amendment;

c.  The right to be free from the use of unlawful and/or unreasonable force, as secured by the Fourth Amendment; and

d.  The right to be free from deliberately fabricated evidence as secured by the Fourth and Fourteenth Amendments.

24.    The failure of the Defendants named in this Claim for Relief to intervene, prevent, or stop the constitutional violations on the part of the individually named Defendants, and/or DOE Defendants, and/or supervisors, who were in a position to do so when such violations occurred, renders such Defendant(s) liable for these violations. Said Defendants were integrally involved in the subject incident.

25.    The detention and arrest of PLAINTIFF, in addition to the unreasonable and excessive force used on PLAINTIFF, was done in violation of PLAINTIFF'S constitutional rights guaranteed by the First and Fourth Amendments to the United States Constitution, for which Defendants are liable either directly or via their failure to intervene. PLAINTIFF is entitled to damages, pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

26.    Defendants subjected PLAINTIFF to their wrongful conduct, depriving PLAINTIFF of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of PLAINTIFF would be violated by their joint and willful acts and/or omissions.

27.    Any supervisors that failed to prevent the unconstitutional acts of said Defendants and failed to properly supervise them are liable directly and in their capacity as a supervisor.

28.     As a proximate result of the foregoing wrongful acts, PLAINTIFF sustained injuries and damages, as set forth above, in ¶ 21. PLAINTIFF is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

29.     In committing the acts alleged above, the individually named Defendants and DOE Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of PLAINTIFF, and by reason thereof, PLAINTIFF is entitled to exemplary and punitive damages in an amount to be proven at trial against these individual Defendants; no punitive damages are sought directly against Defendant CITY.

30.     PLAINTIFF is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988 and other applicable California codes and laws.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### SECOND CLAIM
### -- 42 U.S.C. § 1983 – Municipal and Supervisory Liability--
### PLAINTIFF AGAINST DEFENDANT CITY, THORSEN, AND DOES 21-30

31.     PLAINTIFF re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

32.     The to-be-identified supervisors, including any already-individually-named Defendants and DOES 21-30, each permitted and failed to prevent the unconstitutional acts of other Defendants and individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights of PLAINTIFF. Each of these supervising Defendants either directed his or her subordinates in conduct that violated PLAINTIFF'S rights, OR set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive PLAINTIFF of rights, OR knew his or her subordinates were engaging in acts likely to deprive PLAINTIFF of rights and failed to act to prevent his or her subordinate from engaging in such conduct, OR disregarded the consequence of a known or obvious training deficiency that he or she must have known would cause subordinates to violate PLAINTIFF'S rights, and, in fact, did cause the violation of PLAINTIFF'S rights. (See, Ninth Circuit Model Civil Jury Instruction 9.4). Furthermore, each of these supervising Defendants is liable in their failures to intervene in their

subordinates' apparent violations of PLAINTIFF'S rights.

33.    PLAINTIFF alleges, upon information and belief, the unconstitutional actions and/or omissions of Defendants herein were pursuant to the following customs, policies, practices and/or procedures of OPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officials for CITY and/or OPD:

a.   Failure to supervise and/or discipline deputies for misconduct that results in the violation of citizens' civil rights; and/or,

b.   "Hurt a person – charge a person," pursuant to which if an officer wrongly hurts, detains, or arrests a person, the officer will falsely seek to secure the filing and prosecution of a false criminal charge against the person; the officer seeks the filing and prosecution of such charges with the belief that a conviction (or plea) will prevent the person from suing for their injuries wrongfully inflicted by the officer, or that the person will plea to a lesser charge thereby severely limiting the person's right to sue the officer. Tolerating or condoning "hurt a person – charge a person" encourages deputies to use excessive force and/or to falsely arrest and criminally charge persons; and/or,

c.   Using or tolerating excessive and/or unjustified force and/or false arrests and false incident reporting; and/or

d.   Using or tolerating inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of excessive force or deputy misconduct, including claims made under California Government Code section 910 et seq.; and/or

e.   Failing to institute, maintain, or effectively administer and enforce proper and adequate training, supervision, policies, protocol and procedures concerning appropriate/constitutional responses to and investigation of 9-1-1 calls for service that, among other things, do not permit and authorize the immediate pointing of weapons at suspects (excessive force); and/or to cover-up violations of constitutional rights by any or all of the following:

i.   by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures;

ii.  by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful activity by officers; and

iii. by allowing, tolerating, and/or encouraging officers to: to not file complete and accurate reports by officers; to file false reports; make false statements; and/or obstruct or interfere with investigations of unconstitutional or unlawful conduct by officers, by withholding and/or concealing material information;

f.   Allowing, tolerating, and/or encouraging a "code of silence" among law enforcement officers whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

g.   Using or tolerating inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of officer misconduct;

h.   Allowing, encouraging and fostering a course of action by OPD's officers that they could use their powers of arrest and force to retaliate against a citizen who was profane, verbally challenging, insulting and/or disrespectful and/or critical of them and then **cover up** their abuse of power by violating their duty to truthfully report their conduct with the citizen to avoid being held accountable for such abuse of authority. In the parlance used, Defendants de facto policy and custom of punishing a citizen who failed the "attitude test" encouraged, fostered, and is implemented in the subject claims brought by PLAINTIFF; and

i.   Failing to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (h) above, with deliberate indifference to the rights and safety of PLAINTIFF and the public, and in the face of an obvious need for such

1    policies, procedures, and training programs.

2        34.    In the alternative, upon information and belief, PLAINTIFF alleges Defendant

3    CITY may have instituted policies or training addressing some or all the topics listed above but

4    has, either through negligence or deliberate indifference to citizens' rights, failed to properly

5    oversee and enforce such policies and/or training.

6        35.    The above-described customs, policies, practices, and/or procedures of the OPD

7    were a moving force and/or a proximate cause of the deprivations of PLAINTIFF'S

8    constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth in PLAINTIFF'S

9    First Claim.

10       36.    Defendant CITY is also liable for the violations of PLAINTIFF'S rights by its

11   final policy makers, as described above. (See, Ninth Circuit Model Civil Jury Instruction 9.6).

12       37.    The aforementioned customs, policies, practices, and procedures; the failure to

13   properly and adequately  hire, train, instruct, monitor, supervise, evaluate, investigate, and

14   discipline; and, the unconstitutional orders, approvals, ratifications, and tolerance of wrongful

15   conduct of Defendants CITY and DOES 21-30 were a moving force and/or a proximate cause of

16   the deprivations of PLAINTIFF'S clearly established and well-settled constitutional rights, in

17   violation of 42 U.S.C. § 1983, as more fully set forth above.

18       38.    As a proximate result of the foregoing unconstitutional actions, omissions,

19   customs, policies, practices, and/or procedures of CITY and DOES 21-30, or the lack, or

20   inadequacy, thereof, PLAINTIFF sustained serious and permanent injuries and damages and is

21   entitled to damages, penalties, costs, and attorneys' fees, as set forth in ¶ 21 above, and punitive

22   damages against DOES 21-30, in their individual capacities. PLAINTIFF'S only means of

23   securing complete and adequate relief is to also seek declaratory and injunctive relief, to offer

24   PLAINTIFF substantial and complete protection from Defendants' unlawful policies and

25   practices. PLAINTIFF, thus, seeks both legal damages and an equitable remedy in the form of

26   injunctive relief against Defendant CITY.

27       WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

28   ///

COMPLAINT FOR DAMAGES
*Arteaga v. City of Oakley, et al.*
USDC (E.D. Cal.) Case No.: _____                              11

1

2

### THIRD CLAIM
### -- MALICIOUS PROSECUTION --
### PLAINTIFF AGAINST DEFENDANTS WAYNE AND BUCK

3

4

39.     PLAINTIFF re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

5

6

40.     At all relevant times herein, WAYNE and BUCK were sworn peace officers for OPD and acted within the scope of their authority and pursuant to their duties as peace officers.

7

8

41.     Between November 9, 2017 to on or about July 19, 2019, Defendants WAYNE and BUCK agreed, conspired, and acted in concert to falsely and maliciously **initiate**, **maintain**,

9

10

encourage, facilitate, and **complete** a criminal prosecution of PLAINTIFF for the untrue-but-claimed violation(s) of Penal Code § 148(a)(1) by the Contra Costa County District Attorney's.

11

12

Among other things, Defendants misrepresented the reporting of the November 9, 2017 incident and its subsequent investigation and/or failed to disclose the truth of what occurred so as to

13

protect BUCK from his unlawful **abuse** of authority as more particularly set forth heretofore.

14

15

42.     Among the acts pursuant to such conspiracy and agreement, Defendants WAYNE and BUCK fabricated evidence, mislead prosecutors, failed to disclose material facts, and

16

committed perjury with the improper purpose of **procuring** said criminal prosecution,

17

18

**maintaining** said criminal prosecution, and/or in **completing** the criminal prosecution pursuant to which PLAINTIFF was seized, arrested, and unsuccessfully tried.

19

20

43.     Thereafter, on or about July 19, 2019, PLAINTIFF was tried and rightfully (and promptly) acquitted thereby terminating the prosecution in favor of PLAINTIFF on the merits.

21

22

44.     Defendants' deliberately-false and intentional falsification of the reporting of the incident and/or material failure to disclose material facts played a material role in PLAINTIFF'S

23

24

arrest and criminal prosecution and was in retaliation for PLAINTIFF'S exercise of his First Amendment rights to freedom of speech and/or Defendants' intent to hurt PLAINTIFF to cover

25

up their own misdeed(s) which culminated in the damages herein alleged.

26

27

45.     As a legal result of the criminal charges unlawfully instigated by defendants, PLAINTIFF was damaged by the loss of his Constitutional rights set forth in ¶ 23 above in the

28

defense of the unmeritorious/maliciously instituted and maintained criminal charges, incurring

bail fees, loss of earnings, attorneys' fees and other costs and expenses according to proof.

46.    The acts of Defendants were willful, wanton, malicious, and oppressive, and were motivated solely by a desire to harm Plaintiff for the reasons mentioned in ¶¶ 33(h) and 54 above, or by hatred of or by ill-will toward PLAINTIFF.  Such acts therefore deserve an award of $1,000,000 as punitive damages from each defendant.  Defendants acted maliciously, intentionally, oppressively, willfully, and in conscious disregard of PLAINTIFF'S rights.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully requests the following relief against each and every Defendant herein, jointly and severally:

1.    Compensatory damages in an amount according to proof, which is fair, just, and reasonable;

2.    Punitive damages under 42 U.S.C. § 1983, federal law in an amount according to proof and which is fair, just, and reasonable against all Defendants except Defendant CITY;

3.    For attorneys' fees and costs of suit under 42 U.S.C. § 1988;

4.    All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988, and as otherwise may be allowed by California and/or federal law;

5.    For declaratory and injunctive relief against Defendant CITY, including, but not limited to an order prohibiting Defendants and their deputies from unlawfully interfering with the rights of PLAINTIFF to be free from unreasonable searches and seizures, excessive and unreasonable force, retaliation for the exercise of First Amendment rights, and prohibiting Defendants from engaging in and perpetuating the policy, habit, or custom of "hurt a man – charge a man"; and,

6.    For such other and further relief as the Court deems just and proper.

///

///

COMPLAINT FOR DAMAGES
*Arteaga v. City of Oakley, et al.*
USDC (E.D. Cal.) Case No.: _____                    13

## JURY TRIAL DEMAND

PLAINTIFF hereby respectfully demands a jury trial in this action on all claims for relief that are triable by a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated: September 11, 2019                    LAW OFFICES OF PANOS LAGOS


                                            */s/Panos Lagos*
                                            Panos Lagos, Esq.
                                            Attorneys for Plaintiff,
                                            ALBERT ANTHONY ARTEAGA